| | | | |
|---|---|---|---|
| CIVIL MINUTES – GENERAL | | | 'O' |
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO STRIKE JURY DEMAND (Dkt. 17, filed Sept. 5, 2018)

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 19, filed Sept. 5, 2018)

## I. INTRODUCTION

On July 12, 2018, plaintiff Turo Inc. ("Turo") filed a complaint against defendant City of Los Angeles (the "City") seeking declaratory relief. Dkt. 1 ("Compl."). On September 5, 2018, the City filed the instant motions to strike Turo's jury demand and to dismiss Turo's complaint. Dkts. 17, 19. On October 5, 2018, Turo filed a notice of non-opposition to the City's motion to strike, dkt. 28, and an opposition to the City's motion to dismiss, dkt. 29 ("Opp'n").[1] The City filed a reply on October 22, 2018. Dkt. 31 ("Reply").

The Court held a hearing on November 5, 2018, and requested supplemental briefing on November 9, 2018. Dkts. 32, 35. The City filed a supplemental brief on November 20, 2018, dkt. 37, and Turo filed a response on December 4, 2018, dkt. 38. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Turo alleges the following in its complaint. Turo is a software company that provides an online car-sharing platform which allows its users to rent out their personal

---

[1] The Court grants the City's motion to strike Turo's jury demand in light of Turo's non-opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

cars. Compl. ¶ 1. Car owners can list their cars on Turo to be booked by users seeking a car. Id. Turo does not have a fleet of cars but rather facilitates the exchange of cars between its users. Id.

Turo does not determine where users will exchange their cars, but some users choose to exchange their cars at or near Los Angeles International Airport ("LAX"). Id. ¶ 5. Because some Turo users exchange their cars at LAX, the City has allegedly told Turo that it must obtain an "LAX rental car company permit," pursuant to which the City would charge Turo and its users exchanging cars near or at LAX ten percent of each booking (the "Gross Receipts Charge"). Id. ¶¶ 5, 6. The City has also allegedly attempted to impose an "LAX Facilities Charge," which is collected specifically to finance a "Consolidated Rent-a-Car Facility," in the amount of $7.50 per day of the first five days of a car rental. Id. ¶¶ 7, 10. The Court refers to the Gross Receipts Charge and the LAX Facilities Charge as the "disputed charges."

Turo has received two cease-and-desist letters wherein the City "has threatened to sue Turo for the decision of its Users to meet at or near LAX." Id. ¶ 9. Turo alleges that it is prepared to "submit to a permitting regime appropriate for its business model as a personal vehicle sharing program," but that "LAX has refused even to engage with the idea of developing an appropriate permit for Turo and other personal vehicle programs, instead arbitrarily (and incorrectly) insisting that Turo is a rental car company and must be permitted as one." Id. ¶ 13.

Turo alleges that the City's threats of an enforcement action are inappropriate because the Communications Decency Act ("CDA"), 47 U.S.C. § 230, protects entities like Turo from liability based on the publications of its users and the conduct of its users stemming from such publications. Id. ¶ 9. Turo further alleges that the City's attempts to impose the disputed charges on Turo are illegal because: (1) the LAX Facilities Charge can only be charged to rental car companies under California Government Code § 50474.3, and Turo is not a rental car company, id. ¶ 10; (2) the disputed charges violate the California Constitution because they are unapproved taxes, id. ¶ 11; and (3) the disputed charges violate the dormant commerce clause of the United States Constitution and the equal protection clauses of the California and United States Constitutions because such charges "impos[e] an undue burden on interstate commerce by imposing exorbitant charges that are not actually related to any benefit provided to or service used by Turo and its [u]sers" and "discriminat[e] against Turo and its [u]sers via charges that are dramatically higher than those imposed on businesses that use airport property in a similar manner," id. ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

Because of the City's threat, Turo seeks declaratory relief as to: (1) whether Turo can be held liable for its user's decisions to meet at or near LAX under the Communications Decency Act; (2) whether the City can compel Turo to pay charges that only apply to rental car companies; (3) whether the disputed charges are unauthorized taxes in violation of the California Constitution; (4) whether the imposition of the disputed charges on Turo and its users would violate the dormant commerce clause; and (5) whether the imposition of disputed charges on Turo and its users would violate the equal protection clauses of the California and United States Constitutions. Id. ¶ 14.

## III. LEGAL STANDARD

### A. Standing

In order to establish standing to assert a claim, a plaintiff must do the following: (1) demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent; (2) establish a causal connection between the injury and the conduct complained of; and (3) show a substantial likelihood that the requested relief will remedy the alleged injury in fact. See McConnell v. Fed'l Election Comm'n, 540 U.S. 93, 225-26 (2003).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The Ninth Circuit has noted a distinction between facial and factual jurisdictional attacks under Rule 12(b)(1). Id. at 1242 ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). "Where the motion presents a facial jurisdictional attack—that is, where the motion is based solely on the allegations in the complaint—the court must accept these allegations as true. Where, however, the challenge is factual—where it is based on extrinsic evidence, apart from the pleadings—the court may resolve factual disputes in order to determine whether it has jurisdiction." Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co., 361 F. Supp. 2d 1244, 1247 (E.D. Wash. 2004) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)). The court, however, may not resolve these disputes "'if issues of jurisdiction and substance are intertwined,' that is, if the jurisdictional question is dependent on the resolution of factual issues going to the merits." Id. (quoting Roberts, 812 F.2d at 1177).

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501–02.

**B. Ripeness**

"Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution." St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989). A party may assert the ripeness issue, along with other challenges to a court's subject matter jurisdiction, as a defense pursuant to Federal Rule of Civil Procedure 12(b)(1). Id. In contrast to a Rule 12(b)(6) motion, a motion to dismiss for lack of subject matter jurisdiction may attack the allegations of the complaint or may attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

**C. Federal Rule of Civil Procedure 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Standing and Ripeness

The City moves to dismiss Turo's complaint under Federal Rule of Civil Procedure 12(b)(1).  The City contends that Turo does not allege facts showing that it has suffered an injury-in-fact and that Turo's claims are not ripe for adjudication.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" in the Declaratory Judgement Act refers to the types of cases and controversies that are justiciable under Article III. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)). Thus, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." Id. (quoting Maryland Casualty Co. v. Pacific Coal & Coil Co., 312 U.S. 270, 273 (1941)).

Turo sufficiently alleges an injury-in-fact that is ripe for adjudication. Turo alleges that the City has written cease-and-desist letters to Turo demanding—under threat of "appropriate legal action"—that it cease any activity at LAX or submit to its permitting and licensing rules which govern rental car companies. Compl. ¶ 91, Exs. 1 and 2. Turo intends for its users to use its platform to exchange cars at or near LAX but disagrees with the City's characterization of its business and the charges that correspond to that characterization. Id. ¶¶ 89–90. The parties appear to have reached a stalemate and Turo is in the position of either shutting down its operations at LAX, continuing to conduct such operations under the threat of legal action by the City, or submitting to the City's permitting and licensing rules and paying charges which it contends are illegal.

Turo has thus articulated a substantial controversy between itself and the City of sufficient immediacy and reality. Turo has articulated that its present intent to conduct operations at LAX has been stymied by the City's insistence that it pay charges that are applicable to rental car companies and that the parties are at an impasse. Compare Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992) (finding a mere professed intent to visit a country insufficient for standing), with Montana Shooting Sports Ass'n v. Holder, 727 F.3d 975, 980 (9th Cir. 2013) (finding actual plans to manufacture and sell unlicensed firearms sufficient for standing). Turo has also alleged economic injury sufficient to establish standing based on the costs of complying with the City's proposed licensing scheme. See Montana Shooting at 980 ("The economic costs of complying with a licensing scheme can be sufficient for standing."); Ariz. Contractors Ass'n Inc. v. Napolitano, 526 F. Supp. 2d 968, 979 (D. Ariz. 2007) (finding plaintiffs had standing based on allegation that they would sustain economic injury if law forced them to use E-verify).

Accordingly, the Court declines to dismiss Turo's complaint on the basis of Rule 12(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

**B. Whether Turo States a Claim for Relief Based on its Purported Immunity under the Communications Decency Act**

Under section 230(c)(1) of the Communications Decency Act ("CDA"), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Accordingly, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). A party is shielded from liability under the CDA if the party is: "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1100–01 (9th Cir. 2009).

Turo alleges that it is immune from liability for the actions of its users under the CDA, and seeks declaratory relief stating that Turo cannot be held liable by the City for violations of LAX Rules, the Los Angeles Administrative Code, the California Business and Professions Code, or any other state or federal statutory or common laws resulting from its users' activities at LAX or Turo's publication of user content that leads to the exchange of cars at LAX. Compl. ¶¶ 97–101.

The issue of whether an entity is immune under the CDA depends on the nature of the activity that is the subject of the action. Compare La Park La Brea A LLC v. Airbnb, Inc., 285 F. Supp. 3d 1097 (C.D. Cal. 2017) (finding Airbnb to be immune under the CDA in action by owner of apartment buildings challenging Airbnb's postings of short-term rentals by tenants whose leases contained anti-subleasing clauses because Airbnb's role in publishing user content did not materially contribute to the illegality of the conduct), with Airbnb, Inc. v. City and County of San Francisco, 217 F. Supp. 3d 1066 (N.D. Cal. 2015) (finding that Airbnb is not immune from San Francisco's ordinance making it a misdemeanor to provide and collect a fee for booking services in connection with unregistered short-term rentals because the ordinance does not regulate what can or cannot be said in Airbnb's listings but rather holds Airbnb liable for its own conduct in providing booking services and collecting fees). This particular claim is therefore not ripe for adjudication because the City has not yet taken any enforcement action against Turo, and the Court cannot issue an advisory opinion based on a hypothetical enforcement action. The Court therefore dismisses Turo's claim for declaratory relief with respect to its immunity under the CDA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

### C. Whether Turo States a Claim for Relief Based on the City's Purported Misclassification of Turo as a Rental Car Company

Turo seeks a declaratory judgment finding that the City is not authorized to classify Turo as a rental car company and to charge Turo accordingly. Compl. ¶ 105–08. Turo's argument is based on California Government Code section 50474.3, which authorizes the City to impose the LAX Facilities Charge on rental companies but does not provide a definition of a rental company. Turo challenges the propriety of the City's definition of a rental car company and asks the Court to look to other statutes to define a car rental company to exclude peer-to-peer car sharing companies such as Turo. Opp'n at 10. It appears that this claim is duplicative because Turo's various challenges to the legality of the disputed charges—which are based on the City's allegedly erroneous classification of Turo as a rental car company—are encompassed by Turo's remaining claims for relief. However, the Court finds that this claim is better decided on a more developed factual record. Accordingly, the Court declines to dismiss Turo's claim for relief based on the City's definition of a rental car company.

### D. Whether Turo States a Claim for Relief Based on the City's Imposition of Unlawful Taxes

California voters approved Proposition 26 in 2010, which expanded the definition of "taxes" in the California Constitution to include fees and charges, with certain exceptions. See Schmeer v. Cty. of Los Angeles, 213 Cal. App. 4th 1310, 1322 (2013); Cal. Const. Art. XIII C, § 1. Under this new language, a "tax" is defined as "any levy, charge, or exaction of any kind imposed by a local government." Cal. Const. Art. XIII C, § 1(e). Among other exemptions, a "charge imposed for entrance to or use of local government property" is exempt from this definition of a "tax." Id. § 1(e)(4). However, to fall into one of these exemptions, the government must prove by a preponderance of the evidence "that the amount is no more than necessary to cover the reasonable costs of the governmental activity, and that the manner in which those costs are allocated to a payor bear a fair or reasonable relationship to the payor's burdens on, or benefits received from, the governmental activity." Id. § 1(e). See also City of San Buenaventura v. United Water Conservation Dist., 3 Cal. 5th 1191, 1200 (2017). If a levy, charge, or exaction is indeed a tax, it must be "submitted to the electorate and approved by a majority vote." Cal. Const. Art. XIII C, § 2(b).

Turo alleges that the disputed charges constitute taxes that do not fall within any of the enumerated exceptions, and that even if they did, they are not reasonable because "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

Gross Receipts Charge would far exceed the costs LAX incurs as a result of Turo Users meeting at the airport," and because the LAX Facilities Charge "does not cover any service or privilege that LAX provides to Turo." Compl. ¶¶ 59–64, 73. The City contends that the disputed charges are not taxes because they are not "imposed" on anyone but are rather the product of contract by those seeking to engage in commercial activity at LAX. Mot. at 15. The City further contends that even if these charges are "imposed," they fall within the fourth exception to the definition of a "tax" because they are charges "imposed for entrance to or use of local government property." Id. at 16.

Reviewing the complaint in the light most favorable to Turo, the Court finds that Turo has sufficiently alleged a claim based on illegal taxation under the California Constitution. The City's arguments about whether the disputed charges are "imposed" rather than a result of a negotiated contract, whether the charges fall within an enumerated exception, and whether such charges are reasonable are better decided on a more developed factual record. Accordingly, the Court declines to dismiss Turo's claim for relief based on the City's imposition of unlawful taxes.

### E. Whether Turo States a Claim for Relief Based on the Dormant Commerce Clause

The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce . . . among the several States." U.S. Const., art. I, § 8, cl. 3. "This affirmative grant of power does not explicitly control the several states, but it 'has long been understood to have a 'negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce.'" Rocky Mountain Farmers Union v. Corey, 730 F.3d 1070, 1087 (9th Cir. 2013) (quoting Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or., 511 U.S. 93, 98 (1994)); see also Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1148 (9th Cir. 2012) (Modern dormant commerce clause jurisprudence primarily "is driven by concern about 'economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" (quoting Dep't of Revenue v. Davis, 553 U.S. 328, 337–38 (2008))).

To withstand a dormant commerce clause challenge, the disputed fees must: (1) be "based on some fair approximation of use of the facilities," (2) not be "excessive in relation to the benefits conferred," and (3) "not discriminate against interstate commerce." Northwest Airlines, Inc. v. Cty. of Kent, Mich., 510 U.S. 355, 369 (1994). To state a claim, Turo need only sufficiently allege that the disputed fees fail to satisfy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

one prong of the Northwest Airlines test. See Lil' Man In The Boat, Inc. v. City & Cty. of San Francisco, No. 17-CV-00904-JST, 2017 WL 3129913, at *6 n.9 (N.D. Cal. July 24, 2017).

Turo has failed to state a claim based on the third, non-discrimination prong of the Northwestern Airlines test because it does not allege that the City charges out-of-state users differently than in-state users. See Alamo Rent-A-Car, Inc. v. City of Palm Springs, 955 F.2d 30, 31 (9th Cir. 1991), as amended on denial of reh'g (Jan. 24, 1992) (finding that the airport access fee schedule enacted for the Palm Springs Regional Airport did not violate the dormant commerce clause because it did not discriminate against interstate commerce but "applie[d] to inter- and intrastate passengers equally").

However, Turo has plausibly alleged that the disputed charges are not based on a fair approximation of Turo's use of the facilities and that the disputed charges are excessive in relation to the benefits that LAX confers: Turo alleges that the LAX Facilities Charge is "meant to finance rental car infrastructure at the airport," which Turo and its users will never benefit from, compl. ¶¶ 7, 52, and that the Gross Receipts Charge "far exceed[s] the costs LAX incurs as a result of Turo Users meeting at the airport," id. ¶ 61. The City's arguments about whether the disputed charges are justified by the City's costs for roads and airport facilities, or the benefits that Turo and its users derive from indirect use of the entire LAX facility and its services, are better decided on a more developed factual record.[2] Accordingly, the Court declines to grant the City's motion to

---

[2] The City also contends that, under Merrion v. Jicarilla Apache Tribe, 455 U.S. 130 (1982), Turo's dormant commerce clause claim is supplanted by: 49 U.S.C. § 47107(a),(b),(k) and implementing regulations; 49 U.S.C. § 47129(b)(2) and implementing regulations; and the Anti-Head Tax Act, 49 U.S.C. § 40116(d)(2)(a). These statutes and regulations delineate the taxes, fees, and charges that local governments may or may not collect with respect to air transportation and require airports to use all airport revenues for airport purposes. Mot. at 17; Reply at 10; Dkt. 37 at 1–5. In order to foreclose a dormant commerce clause challenge to a state or local regulation, Congress must "affirmatively contemplate otherwise invalid state legislation" and congressional intent "must be unmistakably clear." South-Central Timber Devl., Inc. v. Wunnicke, 467 U.S. 82, 91–92 (1984). The City's argument fails because the statutes and regulations it relies upon appear to be focused on air transportation or airport revenue in general. Only one statute cited by the City, 49 U.S.C. § 47129(a)(2), appears to have an indirect impact on ground transportation fees. Section 47129(a)(2) authorizes airports to adopt a residual fee methodology, which effectively allows airline fees to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

dismiss Turo's dormant commerce clause claim.

### F. Whether Turo States a Claim for Relief Based on the Equal Protection Clause

To plead a "class-of-one" equal protection claim, a plaintiff must allege that it "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).[3] Turo alleges that the disputed charges are "far in excess of the charges [the City] demands from [entities] like Uber and Lyft, whose users—like Turo's—only use LAX property for user pick-ups and drop-offs and do not benefit from or rely on other airport facilities and services[.]" Compl. ¶ 85. The City argues that Turo must allege facts showing that there is no possible rational basis for the City's classification of Turo. Mot. at 21. However, such an exacting standard is inappropriate at this stage in the proceedings. Moreover, the City's arguments that it can rationally treat peer-to-peer car rental services differently than taxis and services like Uber and Lyft are contradicted by Turo's allegations that it uses LAX property in the same manner as services like Uber and Lyft—solely for user pick-ups and drop-offs. Accordingly, the Court declines to grant the City's motion to dismiss Turo's equal protection claim.

---

subsidized by non-aeronautical airport revenues. 49 U.S.C. § 47129(a)(2); see City of Los Angeles Dep't of Airports v. DOT, 103 F.3d 1027, 1029 (D.C. Cir. 1997). However, the Court does not find that this authorization evinces an "unmistakably clear" or "expressly stated" intent by Congress to allow airports to charge ground transportation fees that are excessive in relation to the benefits conferred by the airport, or not based on a fair approximation of use of the airport facilities. Accordingly, the Court is not persuaded by the City's argument that federal laws and regulations supplant Turo's dormant commerce clause challenge.

[3] The equal protection analysis is the same under both the California and United States Constitutions, therefore the Court treats both claims jointly. See People v. Watson, 8 Cal. App. 5th 496, 517 n.4 (2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06055-CAS(GJSx) | Date | January 14, 2019 |
| Title | TURO INC. v. CITY OF LOS ANGELES | | |

## VI. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** defendant's motion to strike plaintiff's jury demand.

The Court **DISMISSES without prejudice** plaintiff's first claim based on the Communication Decency Act.

The Court **DENIES** defendant's motion to dismiss plaintiff's second claim based on the City's definition of a rental car company.

The Court **DENIES** defendant's motion to dismiss plaintiff's third claim based on illegal taxation under the California Constitution.

The Court **DENIES** defendant's motion to dismiss plaintiff's fourth claim based on the dormant commerce clause.

The Court **DENIES** defendant's motion to dismiss plaintiff's fifth claim based on the equal protection clause of the California and United States constitutions.

Plaintiff shall have 21 days to file an amended complaint.

IT IS SO ORDERED.

|   |   | 00 | : | 00 |
|---|---|---|---|---|
|   | Initials of Preparer | | CMJ | |