UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
|---|---|---|---|
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - TURO'S MOTION TO STAY PRELIMINARY INJUNCTION PENDING INTERLOCUTORY APPEAL (ECF No. 136, filed on June 29, 2020)

KWAN, SMULOVICS, AND KORNAKOV'S MOTION TO STAY PENDING RESOLUTION OF APPEAL (ECF No. 137, filed on June 29, 2020)

TURO'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW (ECF No. 138, filed on July 6, 2020)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 3, 2020, is hereby vacated.

Plaintiff and counterdefendant Turo Inc. ("Turo") operates an online and mobile peer-to-peer car sharing platform whose users conduct business across the country, including at Los Angeles International Airport ("LAX"). Defendant and counterclaimant City of Los Angeles ("City"), which operates LAX, determined that Turo's operations are subject to the City's regulations that apply to enterprises that transact business at LAX. Turo disputes this determination. On July 12, 2018, Turo filed this action to obtain a declaration that the City cannot enforce its LAX regulations against Turo. See ECF No. 1 ("Compl."). The City filed a countercomplaint on February 21, 2020 that seeks to enforce those regulations, enjoin Turo and several individual counterdefendant hosts from trespassing on LAX premises, and recover for Turo's unlawful business practices. See ECF No. 80 ("CC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

Relevant to the motions now before the Court, on June 19, 2020, the Court entered an order denying Turo's motion to dismiss the City's counterclaims and granting the City's motion for a preliminary injunction predicated on those claims. See ECF No. 131 ("MTD Order" or "PI Order"). On June 24, 2020, the Court stayed that order for 60 days to permit Turo and the individual host counterdefendants to seek a stay of the preliminary injunction pending a forthcoming appeal. See ECF No. 133. Turo and the other counterdefendants filed notices appealing the preliminary injunction on July 19, 2020. See ECF Nos. 143, 144.

Turo filed the instant motion to stay the preliminary injunction pending appeal on June 29, 2020. See ECF No. 136 ("Turo MTS"). The counterdefendant hosts also filed a motion to stay pending resolution of appeal on June 29, 2020. See ECF No. 137 ("Hosts MTS"). On July 6, 2020, pursuant to 28 U.S.C. § 1292(b), Turo separately filed a motion for certification for interlocutory appellate review of the Court's order denying the counterdefendants' motion to dismiss pursuant to Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). See ECF No. 138 ("Cert. Mot.").

The City filed an opposition to Turo and the other counterdefendants' motions to stay on July 13, 2020. See ECF No. 141 ("MTS Opp."). The City also filed an opposition to Turo's certification motion the same day. See ECF No. 142 ("Cert. Opp."). Turo and the counterdefendants filed replies in support of their motions on July 20, 2020. See ECF No. 146 ("Cert. Reply"), ECF No. 147 ("Hosts MTS Reply"), ECF No. 148 ("Turo MTS Reply").

Having considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   Motion for Stay Pending Appeal

"A request for a stay pending appeal is committed to the exercise of judicial discretion." Doe #1 v. Trump, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)). Accordingly, the party requesting a stay pending appeal "bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). In considering whether to exercise their discretion to enter a stay pending appeal, courts apply the four-part standard set forth by the Supreme Court in Nken: (1) whether the movant has made a strong showing of the likelihood of success on the merits; (2) whether the movant is likely to be irreparably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

injured absent a stay during the pendency of the appeal; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies. Id. at 426. Because "[t]he first two factors are the most critical," courts only need to reach "the last two factors if the first two factors are satisfied." Trump, 957 F.3d at 1058 (quoting Nken, 556 U.S. at 434).[1]

In the Ninth Circuit, a motion for stay pending appeal is subject to the same "sliding scale" approach that applies to a motion for a preliminary injunction. Al Otro Lado v. Wolf, 952 F.3d 999, 1007 (9th Cir. 2020). Pursuant to that approach, "a stronger showing of one element may offset a weaker showing of another." Id. (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

### B.    Motion for § 1292(b) Certification for Interlocutory Appeal

The Court has the discretion to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if: (1) the order involves "a controlling question of law"; (2) there are "substantial grounds for difference of opinion" on that question; and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). The Ninth Circuit generally applies a "flexible approach" to this standard in order to "avoid . . . unnecessary, protracted litigation and a considerable waste of judicial resources." Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 n.5 (9th Cir. 2011) (internal citations omitted). Courts more typically permit interlocutory review pursuant to § 1292(b) when the order at issue "involves a new legal question or is of special consequence." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009); see also Reese, 643 F.3d at 688 ("Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach

---

[1] To the extent Turo and the counterdefendants contend that a different, more permissive, standard applies because the Court's preliminary injunction is "mandatory" rather than prohibitory, that is incorrect. As the court explained at length in its preliminary injunction order, the injunction requested by the City, and granted by the Court, is prohibitory. See PI Order at 8, n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
|---|---|---|---|
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

### III.   DISCUSSION

The Court considers the counterdefendants' motion to stay, and motion for certification of interlocutory appeal, in turn.

#### A.   Motion to Stay

Turo and the counterdefendants contend they are entitled to a stay of the Court's preliminary injunction order pursuant to Nken on grounds that they have a "substantial case" for relief on the merits, that complying with the Court's order would require "significant engineering and structural changes" to their operations that would irreparably injure their standing with customers, that the City has not demonstrated that it would be injured by a stay, and that the public interest supports "open competition" at the airport. See Turo MTS at 1-2.

In the alternative, Turo requests that the Court extend its temporary 60-day stay (ECF No. 133) so that Turo has an opportunity to pursue a stay from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8.

For the reasons addressed below, the Court concludes that Turo and the counterdefendants are not entitled to a stay of the Court's preliminary injunction order, and declines to extend its 60-day stay.

#### 1. Likelihood to Suffer Irreparable Injury Absent a Stay

Since "a stay may not issue" if the movant fails to carry its "burden of showing that irreparable injury is likely to occur during the period before the appeal is decided," courts "first consider the [movant's] showing of irreparable harm, then discuss the likelihood of success on the merits." Trump, 957 F.3d at 1058 (quoting Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam) (citing Nken, 556 U.S. at 433-34) and Al Otro Lado, 952 F.3d at 1007).

Turo contends that it will suffer irreparable harm without a stay because (i) implementing the injunction will require Turo to design and implement "costly" engineering changes to its systems, and (ii) that could cause customer confusion and loss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

of goodwill should the Ninth Circuit overturn the injunction and permit Turo to "revers[e] those changes." Turo MTS at 19-20. Turo also contends that complying with the injunction (iii) "risk[s] permanently losing users," as well. Id. at 20. For their part, the individual hosts contend that complying with the injunction would (a) interfere with their "ability to continue making a living," and (b) "unfairly" prejudice their reputations and competitive standing since, they assert, no other individual hosts are subject to the injunction. See Hosts MTS at 13-14.

None of these arguments has merit. Turo's engineering costs associated with complying with the injunction would be compensable by money damages, should the Court's preliminary injunction be overturned. See Cal. Pharmacists Ass'n v. Maxwell-Jolly, 563 F.3d 847, 851 (9th Cir. 2009) ("Typically, monetary harm does not constitute irreparable harm."). And Turo's other purported injuries are entirely speculative, resting on what *could* happen depending on how Turo and its customers might respond to a reversal. Cf. Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1022 (9th Cir. 2016) (asserting that "speculative injury does not constitute irreparable injury") (quoting Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988)).

The individual hosts' arguments are also unavailing for similar reasons. Even assuming that the individual hosts will lose earnings during the pendency of the appeal that could not be replaced by servicing clients away from LAX, the loss of earnings does not generally constitute irreparable injury because lost income can be recovered. See Sampson v. Murray, 415 U.S. 61, 90 (1974) (overturning preliminary injunction issued to prevent plaintiff from losing her job because the "loss of income" she asserted "falls far short of the type of irreparable injury which is a necessary predicate" to equitable relief); see also Amylin Pharm., Inc. v. Eli Lilly & Co., 456 F. App'x 676, 678 (9th Cir. 2011) (holding that "lost profits due to lost sales generally constitutes the type of harm that is fully compensable through money damages and therefore does not support injunctive relief"). The individual hosts' asserted reputational and competitive injuries are also entirely speculative, see Boardman, 822 F.3d at 1022, and belied by the fact that the Court's injunction applies to all Turo hosts who wish to do business at LAX, not just the individual hosts here. See PI Order at 31.

The counterdefendants have accordingly failed to make a showing that they are likely to suffer irreparable harm in the absence of a stay, and their motion fails for that reason alone. See Trump, 957 F.3d at 1058 (holding that "if the petition has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

regardless of the petitioner's proof regarding the other stay factors") (citing Leiva-Perez, 640 F.3d at 965).

### 2. Strong Likelihood of Success on the Merits

Although the Court's "analysis could conclude here" in light of the counterdefendants' failure to establish irreparable harm, the Court also concludes that the counterdefendants have failed to meet "the high standard of showing a *strong* likelihood of success on the merits." Trump, 957 F.3d at 1062 (emphasis in original) (denying motion for stay pending appeal because movant failed to establish a "strong likelihood" of success on any of its four claims for relief). In support of this factor, Turo and the individual counterdefendants essentially repeat their arguments advanced in opposition to the City's motion for a preliminary injunction. See, e.g., Turo MTS at 9-19 (contending that Section 230 immunizes Turo from the City's claims, and that the City cannot establish irreparable harm); Hosts MTS at 5-12 (contending that the individual hosts are not liable under the City's regulations, and have not committed trespass).[2] For the reasons explained in the Court's order granting the preliminary injunction, these arguments remain without merit. See PI Order at 9-13, 22-28.[3]

---

[2] Turo also contends that they are likely to prevail on appeal because the City's requested preliminary injunction is a "mandatory" injunction that should have been subject to heightened scrutiny. See Turo MTS at 5-9. As cited above, see supra n. 1, and for the reasons discussed in the Court's preliminary injunction order, see PI Order at 8 n. 2, the Court does not find this argument availing to Turo.

[3] The question of the City's showing of irreparable injury raises a close question, but the Court maintains that the evidence before the Court—including the City's verified allegations and the counterdefendants' own admissions—is sufficient to establish irreparable harm. This evidence shows that the counterdefendants' unlawful operations at LAX aggravate traffic congestion at LAX to some degree. That injury is not compensable at law, and comparable to the injury found to be irreparable in eBay, Inc. v. Bidder's Edge, Inc., 100 F. Supp. 2d 1058, 1067 (N.D. Cal. 2000), which held that the defendant's "ongoing violation of eBay's fundamental property right to exclude others from its computer system" caused "sufficient irreparable harm to support a preliminary injunction," even where total effect of defendant's unauthorized access to eBay's systems amounted to "no more than 0.70% of the data transferred by eBay" systems.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

\* \* \*

Because the moving counterdefendants have not established either of the first two Nken factors, the Court need not reach the third or fourth factors. See Trump, 957 F.3d at 1058 (citing Nken, 556 U.S. at 434). The motion to stay the preliminary injunction pending appeal is accordingly **DENIED**.

The Court also **DENIES** Turo's request in the alternative to extend the 60-day stay of the preliminary injunction while Turo and the individual hosts pursue relief in the Ninth Circuit. The Court's 60-day stay was only intended to allow the counterdefendants the opportunity to file the instant motions without violating the preliminary injunction order, see ECF No. 133, and the counterdefendants have not presented any reason why they require more time to come into compliance with the preliminary injunction now that those motions have been heard. Unless the City does not oppose an extension of the 60-day stay—the City's position was not stated in its opposition brief—the Court's finding that the City will suffer irreparable injury absent an injunction, but that the counterdefendants will suffer none absent a stay, counsels in favor of allowing the injunction to take effect. Compare PI Order at 29, with supra § IV.A.1.

### B. Motion for § 1292(b) Certification for Interlocutory Appeal

In addition to its request for a stay, Turo requests an order certifying for interlocutory appellate review a portion of the Court's June 19, 2020 order denying Turo's motion to dismiss. Specifically, Turo seeks to appeal the Court's conclusion that Section 230 of the Communications Decency Act does not immunize Turo from the City's counterclaims. See Cert. Mot. at 1. To qualify for certification under § 1292(b), an interlocutory order must meet three criteria: (1) the order involves "a controlling question of law"; (2) there are "substantial grounds for difference of opinion" on that question; and (3) "an immediate

---

Regardless, even if the question raises a substantial issue for appeal, the counterdefendants have not established a "*strong* likelihood" that they will ultimately prevail on this issue. Trump, 957 F.3d at 1062 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d at 1026.

Turo contends that portions of the Court's order denying Turo's motion to dismiss meet each of those factors. First, Turo claims that "the scope of Turo's immunity under Section 230 is a controlling question of law," and that "[a] reversal of the [Court's MTD] Order by the Ninth Circuit would undoubtedly 'materially affect' this litigation" since it "could definitively resolve *all* claims at issue in this litigation if, for example, the Ninth Circuit finds that Section 230 bars the City altogether from subjecting Turo to its rental car permitting regime." See Cert. Mot. at 5-6. Second, Turo claims that there are "substantial grounds for difference of opinion" on (i) the Court's conclusions regarding the application of Homeaway.com, Inc. v. City of Santa Monica, 918 F.3d 676 (9th Cir. 2019); (ii) other circuit-level authority involving the application of Section 230 in other circuits; and (iii) the Court's conclusion that Section 230 did not immunize Turo from any of the City's counterclaims. See Cert. Mot. at 7-16. And third, Turo claims that certification of the Section 230 immunity issue would streamline litigation by deciding a potentially dispositive issue, including for the reason that the Ninth Circuit will already have to address the question of Section 230 immunity to resolve the preliminary injunction appeal. See id. at 18.

The City does not contest the third criterion (i.e., that an immediate appeal may streamline litigation), but responds that Turo's motion does not implicate a "question of law" or raise an issue over which there could be "substantial grounds for difference of opinion." See Cert. Opp. at 1-2. Both contentions boil down to an assertion that the Ninth Circuit precedent concerning Section 230 is clear, and that Turo's dispute concerning the application of that settled law to the facts of this case is not the proper subject of a § 1292(b) interlocutory appeal. See id.

The Court agrees with the City that Ninth Circuit authority on Section 230 immunity is unambiguous, that Homeaway.com, Inc. v. City of Santa Monica, 918 F.3d 676 (9th Cir. 2019) applies squarely to this case, and that "[t]he antithesis of a proper § 1292 appeal is one that," like the one proposed here, "turns on whether . . . the district court properly applied settled laws to the facts." Sateriale v. RJ Reynolds Tobacco Co., No. 2:09-CV-08394-CAS (SSx), 2015 WL 3767424, at *2 (C.D. Cal. June 17, 2015) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)). For that reason, the Court concludes there are no "substantial grounds for difference of opinion" on the question of Section 230 immunity, as required to certify an appeal. In re Cement Antitrust Litig., 673

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:18-CV-06055-CAS (GJSx) | Date | July 27, 2020 |
|---|---|---|---|
| Title | TURO INC. V. CITY OF LOS ANGELES | | |

F.2d at 1026. Additionally, the Court concludes that certifying this question for appeal would be redundant, since the appeal of the preliminary injunction motion raises the issue, as well. See, e.g., Turo MTS at 9-19 (arguing *inter alia* that Turo will prevail on appeal of the preliminary injunction because Section 230 immunizes its conduct).

## V.    CONCLUSION

For the foregoing reasons, the motions for stay and for § 1292(b) certification for interlocutory appeal are **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |